Schneider vs. Staples.

SCHNEIDER, Respondent, vs. STAPLES, Appellant.

*March 20 — May 15, 1886.*

*Statutes: Revision: Repeal by implication: Grant of franchise to maintain dam: Limitation: Misnomer.*

Sec. 1, ch. 376, P. & L. Laws of 1868, authorized George A. Gore to build a dam and maintain the same for fifteen years after its erection. The dam was built during that year. Ch. 100, P. & L. Laws of 1872, was entitled "An act to amend ch. 376, P. & L. Laws of 1868," etc., and (in sec. 1) authorized George A. Gove to build, keep

---

up, and maintain a dam at the same place, no limitation as to time being prescribed. *Held*, that the act of 1872 was a complete revision of the act of 1868, and repealed the same, including the limitation, by necessary implication. The later act did not grant the franchise to a different person, but merely corrected a misnomer in the earlier statute.

APPEAL from the Circuit Court for *St. Croix* County.

Action to recover tolls upon logs owned by the defendant which were run over the plaintiff's dam and slides in the Apple river in Polk county, between April 1, 1883, and December 1, 1884. The appeal is by the defendant from an order overruling a general demurrer to the complaint. The facts will sufficiently appear from the opinion.

For the appellant the cause was submitted on the brief of *Searles, Ewing & Gail* and *McDonald & Kinney.* They contended, *inter alia*, that repeals by implication are only recognized when they necessarily arise or follow from positive legislation. There is nothing in the act of 1872 inconsistent with the idea of the limitation in the act of 1868 being preserved. See *Att'y Gen. ex rel. Taylor v. Brown,* 1 Wis. 513; *Att'y Gen. v. Railroad Cos.* 35 id. 425–554; *Sup'rs of Maple Lake v. Comm'rs,* 12 Minn. 403; *Mobile & O. R. Co. v. State,* 29 Ala. 573; *Roberts v. Fahs,* 36 Ill. 268; Sedgwick on Stat. & Const. Law, 291 *et seq.*

For the respondent there was a brief signed by *John W. Bashford* and *L. P. Wetherby,* attorneys, and *Tenney, Bashford & Tenney,* of counsel, and the cause was argued orally by *Mr. R. M. Bashford.* To the point that the revision of the former act and the re-enactment thereof in 1872, amounted to a repeal of the limitation by necessary implication, they cited *Chapin v. Crusen,* 31 Wis. 209, and cases cited; Sedgwick on Stat. & Const. Law, 100, 125; *State v. Ingersoll,* 17 Wis. 631; *Moore v. Mausert,* 49 N. Y. 332; *Heckman v. Pinkney,* 81 id. 211; *Ellis v. Paige,* 1 Pick. 43.

Schneider vs. Staples.

COLE, C. J.   The principal question discussed in this case is whether the right of the plaintiff to maintain the dam mentioned in the complaint, and to demand tolls for its use, had expired by limitation.   The plaintiff rests his right to maintain the action upon ch. 376, P. & L. Laws of 1868, and ch. 100, P. & L. Laws of 1872.   The first act granted to George A. Gore, his associates, successors, or assigns, the right to maintain the dam and exact tolls for its use, for the period of fifteen years next succeeding the erection thereof.   The complaint states that the dam was constructed or completed June 1, 1868, and has been ever since maintained and kept in repair.   The plaintiff seeks to recover tolls for logs and lumber passing over or run through the dam and slides between April 1, 1883, and December 1, 1884.   If the limitation in the original act was not repealed by the act of 1872, still it is apparent the plaintiff would be entitled to recover such tolls as were earned for logs and lumber run over the dam and slides between April 1, 1883, and June 1, 1883.   So, in view of that fact, the order overruling the demurrer would have to be affirmed.   But the real question discussed, which counsel seek to have decided, is whether the act of 1872 repealed the limitation in the original act.   We are of the opinion that it did.

The act of 1872 is entitled " An act to amend chapter three hundred and seventy-six of the Private and Local Laws of 1868, entitled ' An act to authorize George A. Gore to maintain a dam across Apple river.' "   The first section thereof, so far as it relates to the first section of the act of 1868, which contains the limitation, reads as follows: " Section 1. George A. Gove, his heirs and assigns, are hereby authorized to build, keep up, and maintain a dam across Apple river, in the county of Polk, at or immediately above that part of said river known as Little Falls," on section 12, township 32 N., of range 17 W.   This act is not only

an amendment, but a complete revision of the earlier one; and, though it contains no repealing clause, yet amounts to a repeal by necessary implication. This rule is well settled by the decisions of this court and authorities elsewhere, to which counsel on both sides refer. As there is no limitation in the act of 1872, we must hold that there is none in force.

But it is said the act of 1872 confers the privilege or franchise upon a different person from the one named in the first act. But it is very evident, from the language of the second act, that there was a misnomer, or error in the name of the first grantee, and one object of the act of 1872 was to correct that error. This is perfectly obvious as well from the title of the act of 1872 as from its various sections, where the name of George A. Gore is stricken out wherever it occurs in the act of 1868, and the name of George A. Gove inserted in the new sections. There is no ground for claiming that the legislature granted the franchise, by the law of 1872, to a different person from the one upon whom it was intended to be conferred by the act of 1868. It was manifestly not the intention of the legislature to authorize two dams, one to be built and maintained with the franchise for fifteen years, by George A. Gore, and one to be built and maintained by George A. Gove, without limitation as to time. The act of 1872 took effect in less than four years after the dam was completed, and there can be no doubt that one object of that act was to secure the franchise to the person who had made the expenditure, and improved the stream for the purposes of navigation.

It appears from the complaint that the plaintiff derives the right or title by assignment made by George A. Gore prior to April 1, 1883. It seems to us it would have been more accurate to state that it was acquired from George A. Gove, as this was probably the fact. But this inaccuracy,

if it be one, is not material, for it clearly appears that the plaintiff has acquired his right or interest from the person to whom the franchise or privilege was granted.

It follows from these views that the order of the circuit court must be affirmed.

*By the Court.*— Order affirmed.